Filed 5/1/15  Dumag v. Allen CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| RESTITUTO DUMAG et al., | F064906 |
| Plaintiffs and Appellants, | (Super. Ct. No. CV-239083) |
| v. | |
| ROBERT E. ALLEN, | **OPINION** |
| Defendant and Respondent. | |

THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Sidney P. Chapin, Judge.

Restituto Q. Dumag and Magdalena Dumag, in pro. per., for Plaintiffs and Appellants.

No appearance for Defendant and Respondent.

-ooOoo-

The underlying action arises from a consignment contract for the sale of appellants' 1996 and 1997 table grape harvest.  In 1999, appellants filed the underlying

---

[*]        Before Levy, Acting P.J., Gomes, J. and Smith, J.

complaint alleging that the defendants committed fraud in the making of the contract and wrongfully took possession of appellants' 1996 and 1997 crops. By the time the case was tried by the court in 2011, respondent Robert E. Allen was the only remaining defendant.

The trial court ruled in respondent's favor finding there was no evidence to support either claim. The court concluded that appellants failed to carry their burden to establish the elements of fraud or deceit through any conduct of respondent or that respondent concealed material information from appellants. We affirm.

## DISCUSSION

A general principle of appellate practice is that the lower court order is presumed to be correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Thus, the appellant must affirmatively show error occurred. (*Ibid.*) To make this showing, an appellant must present meaningful legal analysis supported by citations to authority and to facts in the record that support the claim of error. An appellant cannot demonstrate reversible error through conclusory claims. (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.)

Appellants show no understanding of their burden on appeal. Appellants appear to claim that their real property was fraudulently foreclosed on and blame a Ms. Catherine DeGama. However, their complaint did not name DeGama as a defendant and did not allege any causes of action related to this real property. The only argument appellants make concerning respondent is "Mr. Robert Allen also cheated Mr. Dumag out of sales for his grapes." This conclusory claim is without any cogent legal analysis and does not apply the law to the facts. Accordingly, appellants have failed to demonstrate reversible error.

## DISPOSITION

The judgment is affirmed. No costs on appeal are awarded.